UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MARCUS LEON LINTHECOME, | CASE No. 1:14-cv-01438-LJO-MJS |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND REQUIRING PAYMENT OF FILING FEE IN FULL WITHIN TWENTY-ONE DAYS |
| v. | |
| SANDRA ALFARO, et al., | |
| Defendants. | (ECF No. 7) |
| | FOURTEEN (14) DAY OBJECTION DEADLINE |

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On November 3, 2014, Plaintiff filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 7.)

The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff has had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief maybe granted.[1] To meet the imminent danger exception, the complaint must plausibly allege "that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1053-55 (9th Cir. 2007).

Plaintiff's complaint is a lengthy, single-spaced, confusing narrative of various events interspersed with exhibits that purportedly support Plaintiff's claims.  Plaintiff alleges in a conclusory fashion that Hispanics attempted to kill him when he was previously housed at North Kern State Prison – Delano ("NKSP") in 2011.  He also alleges previously serving time at Los Angeles County Jail where inmates attempted to break into his cell through the cement flooring to kill him.  Plaintiff also states that he is "a target for murder by Hispanics due to a forward, text, message they sent of [him] in their error of the unspeakable accusations" and that "currently recent attempts on [his] life [are] still an issue like in 2011." (ECF No. 1 at 1-2.)

It appears from these statements that Plaintiff believed his life to be in danger at the time he filed his complaint.  However, Plaintiff's substantive allegations in the complaint (interference with mail and telephone usage, medical indifference, due process violations during the prison appeal process, retaliatory and discriminatory conduct by prison officials, and a miscalculation of his credits for sentencing purposes) are wholly unrelated to these allegations of danger by inmates who are not named as defendants in this action.  These vague,conclusory statements without specific factual allegations regarding ongoing serious physical injury or a pattern of misconduct evidencing the likelihood of imminent serious physical injury are insufficient to

---

[1] The Court takes judicial notice of the following United States District Court cases: *Linthecome v. Miles, et al.*, 2:11-cv-06494-UA-AJW (C.D. Cal.) (dismissed August 23, 2011 as frivolous; no appeal filed); *Linthecome v. CDCR Parole Agents, et al.*, 2:11-cv-05708-UA-AJW (C.D. Cal.) (dismissed July 28, 2011 for failure to state a claim and as frivolous; no appeal filed); and *Linthecome v. Unknown*, 2:11-cv-04184-UA-AJW (dismissed June 28, 2011 as frivolous or malicious; no appeal filed).  These strikes were final prior to the date Plaintiff filed this action.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-1100 (9th Cir. 2011).

demonstrate imminent danger. *See Andrews*, 493 F.3d at 1057, n.11 ("assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm") (*citing Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts . . . deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous."); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to find "imminent danger" based on "conclusory assertions that defendants were trying to kill [the inmate] by forcing him to work in extreme [weather] conditions despite his blood pressure condition")).

The undersigned concludes that Plaintiff's *in forma pauperis* application should be denied because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated. 28 U.S.C. § 1915(g). Plaintiff should be provided with the opportunity to pay the filing fee in full or to amend his complaint to allege specific factual allegations which would support a finding of imminent danger.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's in forma pauperis application (ECF No. 7) be DENIED,

2. Plaintiff should be required to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, and

3. If Plaintiff fails to pay the $400 filing fee in full within twenty-one days of adoption of these Findings and Recommendations, all pending motions should be terminated and this action dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 1, 2015                             /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE