UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS LEON LINTHECOME,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDRA ALFARO, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-01438-LJO-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM AND DENYING MOTION FOR AN INJUNCTION<br><br>(ECF NO. 1)<br><br>ORDER DENYING MOTION FOR RECALCULATION OF TIME<br><br>(ECF NO. 8.)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

Plaintiff Marcus Linthecome is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On September 15, 2014, Plaintiff

filed his complaint and a motion for injunctive relief. (ECF No. 1.) It is now before the Court for screening.

On November 24, 2014, Plaintiff also filed a Motion for Recalculation of Time. (ECF No. 8.) It too will be addressed below.

## II.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail "to state a claim upon which relief may be granted," or that "seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.  SUMMARY OF COMPLAINT

Plaintiff identifies California Department of Corrections, North Kern State Prison – Delano ("NKSP") Warden Sandra Alfaro, NKSP Mailroom Staff Does 1-10, NKSP Appeals Coordinator Does 1-10, NKSP Case Records Staff Does 1-10, and NKSP Medical (ADA) Staff as defendants.

Plaintiff's complaint is a lengthy, confusing narrative interspersed with various exhibits. From what the Court can decipher, Plaintiff alleges essentially the following:

On July 9, 2014, Plaintiff was transferred to NKSP. Plaintiff had previously been incarcerated at NKSP in 2011 and was almost killed by fellow Hispanic inmates. He had also served time at Los Angeles County Jail, where inmates attempted to break into his cell to attempt to kill him. Plaintiff believes his life is still in danger.

Since returning to NKSP, Defendants have discriminated and retaliated against Plaintiff by denying him his incoming mail, prohibiting him from mailing court documents, and denying him the use of the telephone to contact family and friends. Additionally,

Plaintiff has been denied his American Disabilities Act ("ADA") appliances, his medications, and physical therapy.

Plaintiff complained of the above to prison staff and Defendant Alfaro, but the Appeals Coordinators are not logging his appeals, and he has received no response.

Plaintiff's credits have been incorrectly calculated causing him to be unlawfully incarcerated beyond his sentence term.

Plaintiff seeks: 1) assistance in obtaining his NKSP records to correct the calculation of his time, 2) an order mandating that his mail be provided to him, and 3) an order prohibiting his transfer to Los Angeles County Jail.

## IV. ANALYSIS

### A. Section 1983

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.*

### B.     Unrelated Claims

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)).

Plaintiff attempts to bring multiple unrelated constitutional claims against multiple defendants. Plaintiff's interference with mail and access to courts claims arise out of the same series of transactions. To the extent any such claims are found to be cognizable, they may be joined in one action. By contrast, Plaintiff's claims regarding his telephone access and medical indifference may not be so joined as they are factually unrelated. It is not clear from the facts alleged whether Plaintiff's claims for retaliation or equal protection are related to any of the above claims. If Plaintiff can plead facts demonstrating these claims are part of the same transaction or occurrence, then Plaintiff may include them in his amended complaint accordingly.

Plaintiff will be given leave to amend. If he chooses to do so, he must decide which transaction or occurrence he wishes to pursue in this action.

### C. State Agencies as Defendants

Plaintiff names California Department of Corrections as a defendant in this action. "State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). The Department of Corrections is a state agency. Because a necessary element of a successful Section 1983 claim is that a "person" violated the plaintiff's constitutional rights, and the Department of Corrections is not a "person", Plaintiff cannot state a Section 1983 claim against this Defendant.

In addition, "[i]n the absence of a waiver by the state or a valid congressional override, 'under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court.'" *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999) (*quoting Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1989)). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." *Id.* at 1025-26; *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, the Eleventh Amendment bars Plaintiff's Section 1983 claim against the California Department of Corrections. Because amendment of this claim would be futile, the Court will dismiss Plaintiff's claim against the California Department of Corrections without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

### D. Linkage & Supervisory Liability

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 691 (1978). Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. *Iqbal*, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff names thirty John Does and NKSP Medical (ADA) Staff as Defendants in this action. Plaintiff fails to specifically link each of these John Doe Defendants to an alleged deprivation of his rights. He also fails to indicate which medical staff violated his rights. Plaintiff must plead specific facts as to what each of these individual Defendants did to violate his constitutional rights. He should allege when the violations occurred, by which Doe Defendant or Staff member, and how the actions amounted to violations of his constitutional rights.

Plaintiff also names Warden Alfaro as a Defendant. The Warden cannot be held liable merely because she supervised Defendants who violated Plaintiff's constitutional rights. Plaintiff must plead specific facts as to how Warden Alfaro personally participated in the deprivation of his constitutional rights, directed the violations, or knew of the violations and failed to act to prevent them. *See Hansen*, 885 F.2d at 646; *see also Taylor*, 880 F.2d at 1045.

### E. Interference with Mail

Plaintiff alleges that prison officials interfered with his incoming and outgoing mail. Prisoners have a right under the First Amendment to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). "However, a prison may adopt regulations which impinge on an inmate's constitutional rights if those regulations are 'reasonably related to legitimate penological interests.'" *Id.* at 265 (*quoting Turner v. Safley*, 482 U.S. 78, 89 (1987)). Regulations concerning outgoing mail must be more closely related to the purpose they serve. *Id.*

Plaintiff has not stated a First Amendment claim. He does not allege: 1) what, if any, regulations the prison had regarding mail; 2) if and how those regulations or their implementation were not "reasonably related to legitimate penological interests"; 3) if and how the regulations were not followed; and 4) how his rights were impaired as a result. *Id.* Plaintiff will be granted leave to amend.

### F. Access to Courts

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. *Lewis v. Casey*, 518 U.S. 343, 354 (1996). A plaintiff must show that he suffered an "actual injury," *i.e.* prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *Id.* at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. *Id.* at 351.

Plaintiff alleges Defendants interfered with his mailing of court documents and access to the courts. Plaintiff fails to allege what court documents he was not allowed to mail and what, if any, injury he suffered as a result. Plaintiff will be granted leave to amend.

### G. Telephone Access

Plaintiff alleges he was denied the right to use the phone to contact his family and

7

friends. A prisoner's right to use the telephone is "subject to reasonable security limitations." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (*citing Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986)). Plaintiff has not specified when, how often, or why he was denied the right to use the telephone or whether or not there was a legitimate security reason for the denial. Plaintiff will be granted leave to amend.

### H. Medical Indifference

A claim of medical indifference requires: 1) a serious medical need, and 2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A serious medical need may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.*; *see also McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing: a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and b) harm caused by the indifference. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (brackets omitted) (*quoting Gibson v, Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care" does not, by itself, state a deliberate

8

indifference claim for § 1983 purposes. *McGuckin*, 974 F.2d at 1060 (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin*, 974 F.2d at 1060.

Plaintiff alleges that due to gunshot wounds to his lower back, legs, and feet he is in need of ADA appliances to assist him with mobility and has been prescribed medications for pain and physical therapy. These allegations are sufficient to state a serious medical need. However, Plaintiff fails to allege who has denied him these ADA appliances, medications, and physical therapy. He also has not alleged that the denial was a purposeful act amounting to more than mere negligence or medical malpractice and what harm he suffered. Plaintiff is granted leave to amend.

### I.  Appeals Process

Plaintiff alleges that he has complained of the above violations to prison officials, but his appeals are not getting logged and processed.

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Id.* Liberty interests may arise from the Due Process Clause or from state law. *Id.*

Prisoners have no stand-alone due process rights related to the administrative grievance process. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance or denying a grievance does not constitute a due process violation. *See, e.g.*, *Wright v.*

*Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Williams v. Cate*, No. 1;09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Plaintiff has not stated a cognizable due process claim against Defendants. Since no such rights exist relative to the administrative grievance process, leave to amend would be futile and is denied.

### J.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges generally that Defendants' violation of his constitutional rights was retaliatory. Plaintiff fails to allege facts to support a retaliatory mindset. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing in addition to other evidence, including statements). Plaintiff also fails to allege that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct" and that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009) (*quoting Sorrano's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)); *Rizzo v.*

*Dawson*, 778 F.2d 527, 532 (9th Cir. 1985).  Plaintiff will be granted leave to amend to allege these elements.

### K.     Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class.  *See, e.g., Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage.  *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001).

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 40 (1973); *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 679 (9th Cir. 2002).  To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  *Willowbrok*, 528 U.S. at 564.

Plaintiff alleges that Defendants generally discriminated against him.  To the extent that Plaintiff wishes to state an Equal Protection claim, he must allege the above elements.

### L.     Motion to Order Lower Court to Recalculate Time

Often referred to as the *Heck* bar, the favorable termination rule bars any civil rights claim which, if successful, would demonstrate the invalidity of confinement or its

11

duration. Such claims may be asserted only in a *habeas corpus* petition. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that a claim for monetary and declaratory relief challenging the validity of procedures used to deprive a prisoner of good-time credits is not cognizable under § 1983).

In his complaint, Plaintiff alleges that his credits have incorrectly been calculated. Plaintiff also files a motion seeking release from custody, arguing that the miscalculation of credits has caused him to be held in custody beyond his sentence term. (ECF No. 8.) Plaintiff's cause of action as to these claims is barred by *Heck*, and he must pursue such claims by filing a *habeas corpus* petition. *See Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) (the application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement"). Plaintiff's motion (ECF No. 8.) is DENIED, and he cannot seek the requested relief within this § 1983 action.

**M.     Motion for Injunctive Relief**

Plaintiff seeks assistance in obtaining his NKSP records and an order mandating that his mail be provided to him and prohibiting any future transfer to Los Angeles County Jail.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (*quoting Winter*, 555 U.S. at 20).

Plaintiff does not demonstrate a need for and entitlement to injunctive relief. Plaintiff has failed to show that he is likely to succeed on the merits or that the balance of

equities tips in his favor since at this stage of the proceedings he has failed to state a cognizable claim against Defendants. The record also reflects that Plaintiff is no longer housed at NKSP (ECF No. 4.), rendering moot (unnecessary) injunctive relief. *See Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *see also Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991). Exposure to past harm is not a basis for injunctive relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) ("[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." (quotations and citation omitted)).

Finally, there is no indication that any of the named Defendants have any influence over the policies and practices regarding where Plaintiff is detained. The Court has no power to issue an order against individuals who are not parties to a suit pending before it, and therefore, the Court lacks authority to issue an order prohibiting Plaintiff's transfer to Los Angeles County Jail. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1985).

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged. Here, the amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. Plaintiff's motion for injunctive relief (ECF No. 1.) is DENIED;
3. Plaintiff's motion for a recalculation of time (ECF No. 8.) is DENIED;
4. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed Complaint filed September 15, 2014;
5. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim, failure to comply with a court order, and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 1, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE